UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATASHA MUHAMMAD, | CASE NO.: 5:18-CV-2010 |
| Plaintiff, | JUDGE: JOHN R. ADAMS |
| vs. | **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** |
| COUNTY OF SUMMIT, et al., | |
| Defendants. | **(Jury Demand Endorsed Hereon)** |

Now come Defendants, County of Summit, Sheriff Steve Barry, Deputy Christopher R. Boyd, and John/ Jane Doe Nos. 1-5, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's Complaint state as follows:

1. Answering Paragraphs 1 and 2 of Plaintiff's Complaint, Defendants deny the allegations contained in said paragraph.

2. Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit that Deputy Boyd deployed his taser during an altercation with Plaintiff. Further pleading, Defendants deny all remaining allegations contained in said paragraph.

3. Answering Paragraph 4 of Plaintiff's Complaint, Defendants deny all allegations contained in said paragraph.

4. Answering Paragraphs 5, 6 and 7 of Plaintiff's Complaint, Defendants state that the documents at issue speak for themselves and deny all allegations contained in said paragraphs to the extent that they depart from the documents. Further pleading, Defendants deny all liability in this matter.

5. Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to bring this claim alleging violations of her state and federal rights. Further pleading, Defendants deny all allegations contained in said paragraph and further deny all liability herein.

6. Answering Paragraph 9 of Plaintiff's Complaint, Defendants state that they are without sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

7. Answering Paragraph 10 of Plaintiff's Complaint, Defendants admit that Summit County is a political subdivision of Ohio that is duly operating under Ohio laws. Further pleading, Defendants deny all allegations contained in said paragraph.

8. Answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that Sheriff Barry is the duly elected Sheriff for Summit County, Ohio. Further pleading, Defendants deny all remaining allegations contained in said paragraph.

9. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that Deputy Boyd was employed by the Sheriff's Office during all times relevant to Plaintiff's claims. Further pleading, Defendants deny all remaining allegations contained in said paragraph.

10. Answering Paragraph 13 of Plaintiff's Complaint, Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

11. Answering Paragraph 14 of Plaintiff's Complaint, Defendants admit that the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331. Further pleading, Defendants deny all remaining allegations contained in said paragraph.

12. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that venue is proper with this Honorable Court.

13. Answering Paragraphs 16, 17 and 18 of Plaintiff's Complaint, Defendants state that the documents at issue speak for themselves and deny all allegations contained in said paragraphs to the extent that they depart from the documentation. Further pleading, Defendants deny all liability in this matter.

14. Answering Paragraphs 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiff's Complaint, Defendants admit that the Sheriff's Office had a duly adopted use of force policy that was in effect August 24, 2017. Further pleading, Defendants state that the policy speaks for itself and denies all allegations contained in said paragraphs to the extent they depart from the policy. Further pleading, Defendants state that the use of conducted electronic weapons is also addressed in a separate policy.

15. Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny all allegations contained therein.

16. Answering Paragraph 28 of Plaintiff's Complaint, Defendants state the policy at issue speaks for itself and deny all allegations contained in said paragraph to the extent they depart from the policy.

17. Answering Paragraph 29 of Plaintiff's Complaint, Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

18. Answering Paragraphs 30, 31, 32 and 33 of Plaintiff's Complaint, Defendants deny all allegations contained in said paragraphs.

19. Answering Paragraphs 34, 35 and 36 of Plaintiff's Complaint, Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

20. Answering Paragraphs 37, 38, 39 and 40 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

21. Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny all allegations contained in said paragraph.

22. Answering Paragraphs 42, 43, 44, 45, 46 and 47 of Plaintiff's Complaint, Defendants state that Deputy Boyd issued several verbal commands to Plaintiff who refused to comply with his commands. Plaintiff further began backing away from Deputy Boyd. She continued to expressly refuse his verbal commands, causing Deputy Boyd to be in fear for his safety. As a result, Deputy Boyd discharged his taser. Further pleading, Defendants deny all remaining allegations contained in said paragraphs.

23. Answering Paragraphs 48, 49 and 50 of Plaintiff's Complaint, Defendants deny all allegations contained therein.

24. Answering Paragraph 51 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

25. Answering Paragraph 52 of Plaintiff's Complaint, Defendants admit that Plaintiff was interviewed with respect to the use of force. Further pleading, Defendants deny all remaining allegations contained in said paragraph.

26. Answering Paragraphs 53, 54, 55 and 56 of Plaintiff's Complaint, Defendants state that the use of force report speaks for itself and further deny all allegations contained in said paragraphs to the extent that they depart from that report.

27. Answering Paragraphs 57 and 58 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

28. Answering Paragraph 59 of Plaintiff's Complaint, Defendants state that the report at issue speaks for itself and deny all allegations contained in Paragraph 59 to the extent that it departs from the report.

29. Answering Paragraphs 60 and 61 of Plaintiff's Complaint, Defendants deny all allegations contained in said paragraphs.

30. Answering Paragraph 62 of Plaintiff's Complaint, Defendants reaver and reallege all of their previous answers, averments and denials as though fully rewritten herein.

31. Defendants deny all allegations contained in Paragraphs 63, 64, 65, 66, 67, 68, 69, 70 and 71 of Plaintiff's Complaint.

32. Answering Paragraph 74[1] of Plaintiff's Complaint, Defendants reaver and reallege all of their previous answers, averments and denials as though fully rewritten herein.

33. Defendants deny all allegations contained in Paragraphs 75 and 76 of Plaintiff's Complaint.

34. Answering Paragraph 77 of Plaintiff's Complaint, Defendants reaver and reallege all of their previous answers, averments and denials as though fully rewritten herein.

35. Defendants deny all allegations contained in Paragraphs 78, 79 and 80 of Plaintiff's Complaint.

36. Answering Paragraph 81 of Plaintiff's Complaint, Defendants state that said paragraph contains no factual allegations which may be admitted or denied.

37. Defendants deny all remaining allegations not otherwise expressly admitted herein.

---

[1] Plaintiff's Complaint does not contain paragraphs numbered 72 or 73.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

38. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

39. Plaintiff's claims, in whole or in part, are barred by qualified immunity.

### THIRD DEFENSE

40. Plaintiff's claims, in whole or in part, are barred by the immunity provisions of Ohio Revised Code Chapter 2744.

### FOURTH DEFENSE

41. Contributory negligence.

### FIFTH DEFENSE

42. Assumption of the risk.

### SIXTH DEFENSE

43. Insufficiency of process and service of process.

### SEVENTH DEFENSE

44. This Court lacks personal jurisdiction over some of the Defendants.

### EIGHTH DEFENSE

45. Res judicata/collateral estoppel.

### NINTH DEFENSE

46. Privilege.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

    Respectfully submitted,

    MAZANEC, RASKIN & RYDER CO., L.P.A.

    *s/Tami Z. Hannon*
    JAMES A. CLIMER (0001532)
    JOHN D. PINZONE (0075279)
    TAMI Z. HANNON (0079812)
    100 Franklin's Row
    34305 Solon Road
    Cleveland, OH 44139
    (440) 248-7906; (440) 248-8861 – Fax
    Email: jclimer@mrrlaw.com
            jpinzone@mrrlaw.com
            thannon@mrrlaw.com
    *Counsel for Defendants County of Summit, Sheriff Steve Barry, Deputy Christopher R. Boyd, and John/ Jane Doe Nos. 1-5*

## **JURY DEMAND**

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

    *s/Tami Z. Hannon*
    JAMES A. CLIMER (0001532)
    JOHN D. PINZONE (0075279)
    TAMI Z. HANNON (0079812)

    *Counsel for Defendants County of Summit, Sheriff Steve Barry, Deputy Christopher R. Boyd, and John/ Jane Doe Nos. 1-5*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, a copy of the foregoing Answer of Defendants to Plaintiff's Complaint was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Tami Z. Hannon*
JAMES A. CLIMER  (0001532)
JOHN D. PINZONE  (0075279)
TAMI Z. HANNON  (0079812)

*Counsel for Defendants County of Summit, Sheriff Steve Barry, Deputy Christopher R. Boyd, and John/ Jane Doe Nos. 1-5*

TMHCCPR-180257/Ds Answer of Ps Comp